IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-384-GPM |
| | ) |
| DAVID W. WHITE, SHAWN HANKINS, | ) |
| ADAM REYNOLDS, JOSHUA FRITZ, | ) |
| JAMES CHANDLER, JASON FURLOW, | ) |
| and JEFFERY RICHELMAN, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter came before the Court on January 12, 2009, for hearing on Defendants' motion for summary judgment based on their affirmative defense of exhaustion of administrative remedies. This action is governed by the Prison Litigation Reform Act (PLRA); therefore, exhaustion is a precondition to Plaintiff filing suit. For the following reasons and for those set forth on the record during the hearing, the Court finds that Plaintiff failed to exhaust two of his three claims.

Plaintiff asserts three claims in this action filed under 42 U.S.C. § 1983. In Count 2, he asserts an Eighth Amendment excessive force claim against Defendants White and Hankins. Specifically, he claims that on May 13, 2004, these Defendants exerted excessive force while moving Plaintiff from one cell to another. In Count 3, Plaintiff claims that his cell conditions constituted cruel and unusual punishment. This Eighth Amendment claim is alleged against Defendants Reynolds, Fritz, Chandler, and Furlow. In Count 4, Plaintiff claims that on May 13,

2004, Defendants Reynolds, Fritz, Chandler, and Richelman were deliberately indifferent to pain in his ribs and numbness in his left arm – which he considers serious medical needs – in violation of the Eighth Amendment. In their motion for summary judgment, Defendants contend that Plaintiff failed to exhaust his administrative remedies relative to Counts 2 and 4 – the excessive force and deliberate indifference to serious medical needs claims.[1] Defendants concede that Plaintiff exhausted his administrative remedies relative to the cell conditions claim asserted in Count 3 (*see* Doc. 40).

> The standard for exhaustion of remedies is well settled.
>
> This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). During the hearing, the Court determined that additional briefing was necessary to determine whether Plaintiff had exhausted his excessive force and deliberate indifference to serious medical needs claims using the emergency grievance process.

On May 25, 2004, Plaintiff filed a grievance over "staff conduct" and "cruel and unusual punishment." He did not grieve medical treatment (*see* Doc. 40, Ex. A1, p. 1). In that grievance, he specifically complains about the conditions of the cell into which he was moved on May 24, 2004. He also states that on May 14, 2004, he reported that he had been assaulted on May 13, 2004. According to the grievance, on or about May 16th, he told Defendant Furlow that he could positively

---

[1]Defendant White answered after the motion for summary judgment was filed. Because he asserts exhaustion as an affirmative defense, the Court construes the motion for summary judgment as to all Defendants.

identify "3 of the John Doe C/O's in question by face and physical description." He states that he believes he was moved to "a punishment cell" in retaliation for reporting the May 13th assault. As relief, he requests transfer to "a decent North 2, open barred segregation cell." He also states that he believes his life is in danger and requests a thorough investigation and transfer to Stateville Correctional Center before he is poisoned or killed "by certain Caucasian administrators and command staff members that sanction and allow beatings, racism and injustice" (*id*. at p. 3). That grievance was received and expedited as an emergency grievance on May 27, 2004 (*id*. at p. 1). Plaintiff was moved to another cell on May 28th; therefore, the Grievance Officer, having "thoroughly reviewed" all issues grieved, recommended that the grievance be considered moot (*id*. at p. 4). The Chief Administrative Officer concurred (*id*.), and on October 6, 2004, the Administrative Review Board recommended denial of the grievance because the issue of cell conditions was addressed by the institutional administration (*id*. at p. 5). The Director concurred (*id*.).

On October 6, 2004, Deputy Director Ronald J. Meek responded to a letter sent by Plaintiff to Governor Blagojevich and stated that an investigation would be initiated on his allegations that staff assaulted him on May 13th. Deputy Director Meek further informed Plaintiff that concerns of unjust treatment may be expressed to Plaintiff's counselor, casework supervisor, or the Internal Affairs Unit (*id*. at p. 15). This was followed by another letter responding to a subsequent letter sent by Plaintiff to the governor, in which Deputy Direct Meek stated: "All allegations of staff assault are taken seriously; however, specific dates, times, names and details are necessary to conduct a thorough investigation." (*Id*. at p. 16). A similar letter dated December 13, 2004, indicates that neither Plaintiff's counselor nor the Intelligence Unit ever received correspondence regarding the

May 13th allegation of assault. That letter references a 24-page grievance that Plaintiff claimed to have written but that was never received by Internal Affairs, as requested (*id*. at p. 17).

After the hearing, the Court received Plaintiff's response to the motion for summary judgment. As an initial matter, the response was filed out of time. Nonetheless, it does not help Plaintiff's cause. Attached to the response is Plaintiff's emergency grievance allegedly filed August 3, 2004.[2] It is a 24-page rant, in which Plaintiff complains of everything from the excessive force and deliberate indifference to serious medical needs claims to being "disrespected" and denied haircuts. On January 13, 2005, his grievance was reviewed. The Chief Administrative Officer denied that the grievance was of an emergency nature and instructed Plaintiff to submit the grievance in the normal manner (Doc. 49, Ex. A, p. 1). Plaintiff was instructed repeatedly to submit his grievance through the regular process (*see also* Doc. 49, Ex. J). By the time he did so, it was deemed untimely (*id*. at Ex. M). Contrary to Plaintiff's assertion that his efforts were thwarted by the Department of Corrections' untimely action on his grievance, his August 3, 2004, grievance was untimely in the first instance as it related to the alleged May 13th incident. The prison's administrative rules require that a grievance be filed within 60 days of an incident. 20 Ill. Admin. Code 504.810(a). Any grievance complaining about an incident on May 13th was due by July 13th. With respect to the May 25th grievance, it failed to set forth the "who, what, when and where" of the incident at issue. *See* 20 Ill. Admin. Code 504.810(b).

Having fully considered the entire record, Defendants' motion for summary judgment on Counts 2 and 4 (Doc. 39) is **GRANTED**. Furthermore, the Court finds that the failure to exhaust

---

[2]Although the emergency grievance was dated August 3rd by Plaintiff, the date stamp from the Grievance Office shows that it was received on January 12, 2009.

these claims was Plaintiff's fault; therefore, they are dismissed with prejudice. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (where the judge determines that the failure to exhaust was the prisoner's fault, "the case is over"); *contra Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*all dismissals under [42 U.S.C.] § 1997(e) should be without prejudice*"). This Court recognizes the apparent inconsistency in the case law but remains convinced that under the current state of Seventh Circuit law, in this circumstance, dismissal with prejudice is appropriate. The Court does not know how else to interpret *Pavey*'s instruction that "the case is over" where the Court finds, as here, that Plaintiff's failure to exhaust was his own fault. Accordingly, Defendants White, Hankins, and Richelman are dismissed from this action.

On April 15, 2009, Defendants filed a motion to stay the discovery and dispositive motion deadlines until resolution of the exhaustion issue (Doc. 53). The scheduling order designates April 1, 2009, as the discovery deadline and April 15, 2009, as the dispositive motion deadline. This Court is inclined to set this matter for trial. All that remains is Count 3 against Defendants Reynolds, Fritz, Chandler, and Furlow, and the Court views the cell conditions claim as being replete with factual issues that cannot be determined under Federal Rule of Civil Procedure 56. Defendants Reynolds, Fritz, Chandler, and Furlow are **ORDERED TO SHOW CAUSE on or before June 8, 2009, why the deadlines should be extended in this case**.

**IT IS SO ORDERED.**

DATED: 06/01/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge