**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RONALD D. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-384-GPM |
| | ) |
| **ROGER WALKER, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This prisoner civil rights action is down to one claim regarding cell conditions against four Defendants: Joshua Fritz, Adam Reynolds, James Chandler, and Jason Furlow.[1] Currently before the Court is Defendant Furlow's unopposed motion for summary judgment based on lack of personal involvement.[2]

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than

---

[1]Other claims and defendants were dismissed on this Court's preliminary review (*see* Doc. 8) and on summary judgment for failure to exhaust administrative remedies (*see* Doc. 54).

[2]Plaintiff's response was due July 27, 2009 (*see* Doc. 61); to date, nothing has been filed.

some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

To prevail under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1982). In other words, the defendant must have actually caused or participated in the alleged activity. *McBride v. Soos,* 679 F.2d 1223, 1227 (7th Cir. 1982).

In this case, Plaintiff claims that his cell conditions at Menard Correctional Center (Menard) in May 2004 violated his constitutional right to be free from cruel and unusual punishment. However, Defendant Furlow was not employed at Menard until June 26, 2006 (*see* Doc. 59, Ex. A). Plaintiff has failed to establish, in any way, that Defendant Furlow was personally involved in Plaintiff's allegedly unsanitary cell conditions. Put simply, Defendant Furlow could not have been personally involved because he was not employed at Menard at the time of the alleged constitutional violation.

Accordingly, Defendant Furlow's motion for summary judgment (Doc. 58) is **GRANTED**, and he is **DISMISSED with prejudice** from this action. Plaintiff's cell conditions claim against Defendants Fritz, Reynolds, and Chandler remains set for bench trial on September 1, 2009 (*see* Docs. 56, 57).

**IT IS SO ORDERED.**

DATED: 08/05/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge